UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AK TOURNAMENT PLAY, INC. and AL OTTO,

                              Plaintiffs,

--against--

TOWN OF WALKILL; EUGENE JACQUES, individually and in his capacity as Building Inspector for the Town of Walkill; WALTER BARRETT, individually and in his capacity as Assistant Building Inspector for the Town of Walkill; JOHN WARD, individually and in his capacity as Supervisor for the Town of Walkill,

                              Defendants.
-----------------------------------------------------------X

Docket #:

ECF CASE
COMPLAINT

09 CIV 10579

JUDGE ROBINSON

Plaintiff, by his attorneys, LAW OFFICE OF THOMAS M. GAMBINO & ASSOCIATES, PC, complaining of the Defendants, respectfully allege as and for his Complaint, as follows:

### JURISDICTION

1. The Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367; 42 U.S.C. §§ 1981, 1983, 1985 and 1988; the First and Fourteenth Amendments of the United States Constitution, and pendent claims under the Constitution and Laws of the State of New York.

### VENUE

2. Plaintiff Al Otto resides in Orange County, New York, and is therefore within this judicial district.

### PARTIES

3. That at all times herein mentioned, Plaintiff AK Tournament Play, Inc. was and still is

a not-for-profit corporation duly formed and existing pursuant to the laws of the State of New York with its principal place of business located within the County of Orange, State of New York.

4. That at all times mentioned, Plaintiff Al Otto (hereinafter referred to as "Otto") was the President of AK Tournament Play, Inc. (hereinafter referred to as "AKTP").

5. Upon information and belief, Defendant TOWN OF WALKILL ("TOWN") is a municipal corporation duly formed and existing pursuant to the laws of the State of New York with its offices located at 99 Tower Drive, Middletown, New York.

6. Upon information and belief, Defendant EUGENE JACQUES ("JACQUES"), sued individually and in his capacity as an employee of the Town of Walkill ("TOWN") at all relevant times herein was and still is employed by TOWN as Building Inspector.

7. Upon information and belief, Defendant WALTER BARRETT ("BARRETT"), sued individually and in his capacity as an employee of TOWN, at all relevant times herein was and still is employed by TOWN as Assistant Building Inspector.

8. Upon information and belief, Defendant JOHN WARD ("WARD"), sued individually and in his capacity as an employee of TOWN, at all relevant times herein was and still is employed by TOWN as Supervisor.

9. Upon information and belief, throughout the events hereinafter described, Defendants JACQUES, BARRETT and WARD were acting under color of State law.

10. Upon information and belief, Defendants JACQUES, BARRETT and WARD implemented the policies, practices and customs of the TOWN complained of herein.

## ALLEGATIONS

11. Plaintiff Corporation is a not-for-profit corporation duly formed and existing pursuant to the laws of the State of New York.

12. The stated purpose of the Corporation contained in its by-laws and constitution filed with the State of New York is to be a non-profit membership club to pursue recreational Tournament Style Texas Hold-em play.

13. On or about December 6, 2005, Plaintiff corporation was approved as a tax exempt organization by the United States government pursuant to Internal Revenue Code 501( c)(7) based upon the aforementioned stated corporate purposes.

14. On or about November 15, 2006, Plaintiff leased commercial space located at 280 Route 211, Walkill, New York (hereinafter referred to as the "Premises") for the purpose of engaging in the lawful activities stated in the Corporate by-laws and constitution, to wit: providing a forum and associating with individuals desiring to engage in Tournament Style Texas Hold-em play.

15. On or about February 7, 2007, defendants, individually and/or collectively, conspired and did in fact enter the Premises.

16. On or about February 7, 2007, defendants, individually and/or collectively, unlawfully deprived Plaintiffs use of the Premises by attempting condemnation of the space occupied by Plaintiffs.

17. The Plaintiffs space consisted of approximately 3,000 square feet of commercial space located on the second floor of a commercial premises totaling approximately 25,000 square feet.

18. Upon information and belief, only that portion of space occupied by Plaintiffs was to be condemned by the Town.

19. Starting from on or about February 7, 2007 and continuing thereafter, defendants, individually and/or collectively, engaged in threatening and coercive conduct toward Plaintiff and its members to deter them from freely associating for the purpose of engaging in the lawful activities

stated in the Corporate by-laws and constitution, to wit: providing a forum and associating with individuals desiring to engage in Tournament Style Texas Hold-em play, within the Premises.

20. The aforementioned threats have included threats of arrest, condemnation of property and extensive litigation against Plaintiff Otto, the Corporation and its members.

21. As a direct result of Defendants actions described above, Plaintiff's membership dropped from 130 members to less than 50, thus causing Plaintiff to discontinue its stated activities..

22. That at all times mentioned herein, Defendant TOWN acted by and through its employees and agents, including Defendants Jacques, Barrett and Ward.

## CAUSES OF ACTION

### COUNT I

### 42 U.S.C. § 1983 CONSPIRACY

23. Paragraphs 1 through 22 are incorporated by reference as though fully set forth at length herein.

24. Defendants JACQUES, BARRETT and/or WARD, under color of federal and state law, conspired with one another to deprive Plaintiffs of their constitutional rights, including the rights to freely associate with others.

25. As part of the conspiracy, Defendants and/or their respective agents and/or employees, without cause or justification, among other acts, prevented Plaintiffs, and others, from exercising their First Amendment Right to freely associate, and in furtherance of the conspiracy and in order to cover-up their misconduct, engaged in the following conduct intentionally, arbitrarily, carelessly, negligently, wrongfully and recklessly, including:

    a.    Fabricating and contriving stories about Plaintiff;

b. Entering Plaintiffs place of business without authorization to do so;

c. Violating Plaintiff's rights, privileges and immunities as guaranteed under the United States Constitution, under 42 U.S.C. § 1983 and under the constitution and laws of the State of New York;

d. Threatening condemnation of Plaintiffs commercially leased space;

e. Preventing Plaintiffs, and others, from engaging in activities authorized by the State of New York;

f. Threatening and use of coercion to evict; and,

g. Abuse of power.

26. Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of ONE MILLION DOLLARS ($1,000,000.00). Additionally, Plaintiff seeks punitive damages in the amount of TWO MILLION DOLLARS ($2,000,000.00).

## COUNT II

**42 U.S.C. § 1983 FIRST AND FOURTEENTH AMENDMENT VIOLATION**

27. Paragraphs 1 through 26 are incorporated by reference as though fully set forth at length herein.

28. Although Plaintiffs were entitled to engage in activities stated in the By-Laws and constitution of Plaintiff AK TOURNAMNET PLAY, and approved by the State of New York and the United States government, Defendants frustrated and prevented Plaintiffs from engaging in said activities.

29. Defendants, by their conduct and under color of law, federal and state, deprived Plaintiffs of their First and Fourteenth Amendment right to free association with other members of AK Tournament Play and engaged in a cover-up in order to conceal the wrongdoing and unlawful

conduct taken against Plaintiff, and the Defendants' efforts to conceal the occurrence continues to the detriment of Plaintiffs.

30. Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of ONE MILLION DOLLARS ($1,000,000.00). Additionally, Plaintiff seeks punitive damages in the amount of TWO MILLION DOLLARS ($2,000,000.00).

**PLAINTIFF DEMANDS TRIAL BY JURY**

**WHEREFORE,** Plaintiff requests the above relief jointly and severally as against all of the Defendants, plus disbursements, costs and attorney's fees and for such other and further relief as the court deems just and proper. Plaintiff also requests an Order enjoining Defendants from preventing Plaintiffs from freely engaging in those activities described and contained in the By-Laws and Constitution of AK Tournament Play.

Dated:	December 14, 2009
	Poughkeepsie, New York

Respectfully submitted

LAW OFFICE OF THOMAS M. GAMBINO &
ASSOCIATES, PC
Attorneys for Plaintiff
222 Church Street
Poughkeepsie, NY 12601
(845) 473-0427

By: _____
THOMAS M. GAMBINO